IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL K. MALDONADO,

    Plaintiff,

  v.                                                                             No. CV 09-1005 RB/RLP

DAVID HUTCHINSON, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* under 28 U.S.C. § 1915(b)(1) and rule 41(b) of the Federal Rules of Civil Procedure.  By order entered on February 12, 2010, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.  Based on Plaintiff's financial information, the Court ordered an initial payment of $220.96 pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff did not comply with the order or statutory requirement.  In a subsequent order entered on June 22, 2010, the Court observed that Plaintiff had nearly emptied his account but had made no payment to the Court. The Court directed Plaintiff to make the previously ordered payment or show cause why the payment should be excused, notifying Plaintiff that failure to comply could result in dismissal of his complaint.  In apparent response, Plaintiff submitted a payment of $25.00, with no explanation of his reasons for failing to comply.

The Court may not, of course, dismiss a complaint "on the grounds of poverty." *Bell v. Whethel*, No. 97-6126, 1997 WL 639319, at *1 (10th Cir. Oct. 14, 1997).  However, "[i]f a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action.  In addition, if a court order requires partial payments, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order."

*Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (citing Fed. R. Civ. P. 41(b); other citations omitted); *and see Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (affirming dismissal for failure to make initial partial payment or show cause for excusing the failure); *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) ("If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be entitled to honor."), *quoted in Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997).  Under these standards, the Court will dismiss Plaintiff's complaint without prejudice.  *Cf. Cosby*, 351 F.3d at 1333.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE